Thomas E. Shuck SBN 116228
**Parker, Milliken, Clark,**
**O'Hara & Samuelian**
A Professional Corporation
515 S. Figueroa St., 8th Floor
Los Angeles, California 90071
Telephone:    (213) 683-6623
Facsimile:    (213) 683-6669
Email: tshuck@pmcos.com

Jeffrey S. Lowenstein (*Pro Hac Vice* Admission Pending)
Texas State Bar No. 24007574
jlowenstein@bellnunnally.com
Meredith N. Palmer (*Pro Hac Vice* Admission Pending)
Texas State Bar No. 24137097
mpalmer@bellnunnally.com
**BELL NUNNALLY & MARTIN LLP**
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1400

*Attorneys for Plaintiff*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., a South Carolina professional corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>EQUINOX HOLDINGS, INC., a Delaware corporation.<br><br>              Defendant. | Case No.<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR BREACH OF CONTRACT AND RELATED CLAIMS** |

Plaintiff Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins")

asserts the following claims against Defendant Equinox Holdings, Inc. ("Defendant").

4907-2590-1250.1

**Parties**

1. Plaintiff Ogletree, Deakins, Nash, Smoak & Stewart, P.C. is a professional corporation organized and existing under the laws of the State of South Carolina, engaged in the practice of law, including in the State of California.

2. Defendant Equinox Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal office located at 31 Hudson Yards, New York, New York 10001. On information and belief, Equinox is authorized to conduct and does conduct business in the State of California.

**Jurisdiction & Venue**

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists between Ogletree Deakins (a citizen of South Carolina) and Equinox (a citizen of Delaware and New York) and because the amount in controversy exceeds $75,000. The Court has supplemental jurisdiction over Ogletree Deakins's state-law claims under 28 U.S.C. § 1367.

4. The Court has personal jurisdiction over Equinox. Equinox is registered with California Secretary of State, has appointed a registered agent for service of process, and has multiple locations in California. Further, Equinox accepted (and Ogletree Deakins performed) legal services in California relating to a lawsuit (the Hugyetz Matter, as described below) that was litigated in California state court for incidents that allegedly occurred in California.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred in this judicial district. Alternatively, venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because Equinox is subject to the Court's personal jurisdiction for this action.

**General Allegations**

6. At all relevant times, Ogletree Deakins is and was a professional corporation engaged in the practice of law, including labor and employment litigation, with offices in multiple states, including in California.

- 2 -
4907-2590-1250.1

7.      At Equinox's express request and for Equinox's benefit, Ogletree Deakins provided extensive legal services to Equinox in connection with the defense of the matter captioned *Lajos "Lali" Hugyetz v. Equinox Holdings, Inc., et al.* (the "Hugyetz Matter"), which was litigated in the Superior Court of the State of California, County of Los Angeles.

8.      The legal services rendered by Ogletree Deakins for Equinox's benefit included, without limitation, conducting and defending discovery, issuing and responding to subpoenas, expert retention and related work, attending the final status conference, preparing and arguing motions in limine, trial preparation, attending and participating in a jury trial, post-trial motions and briefing, settlement communications, and work related to judgment, vacatur, and dismissal of the Hugyetz Matter.

9.      In the ordinary course of the attorney-client relationship, Ogletree Deakins issued invoices to Equinox for professional fees earned and expenses incurred. The invoices provided that payment was due within thirty (30) days of the invoice date.

10.     Equinox accepted the benefit of the legal services provided by Ogletree Deakins, received the invoices, and failed to object to or dispute the invoices or the amounts stated therein within a reasonable time or at all.

11.     Equinox regularly paid the invoices for this matter until June 2025 and then stopped paying, but continued to accept services from Ogletree Deakins.

12.     The following invoices remain unpaid:

| Invoice No. | Date | Fees | Expenses | Amount Due |
|---|---|---|---|---|
| 91677524 | 7/31/2025 | $70.575.75 | $14.743.88 | $85.319.63 |
| 91735575 | 9/30/2025 | $83.191.50 | $1.298.80 | $84.490.30 |
| 91766569 | 10/27/2025 | $168.880.50 | $6.928.64 | $175.809.14 |
| 91797264 | 11/21/2025 | $438.221.25 | $100.332.78 | $538.554.03 |
| 91827155 | 12/19/2025 | $233.659.35 | $84.988.08 | $318.647.43 |
| 91850722 | 1/20/2026 | $94.450.30 | $417.89 | $94.868.19 |
| 91884001 | 2/23/2026 | $69.118.20 | $13.255.15 | $82.373.35 |
| 91976657 | 5/15/2026 | $1.053.00 | $49.36 | $1.040.76 |
| | | | **Amount Due:** | **$1.381.102.83** |

PLAINTIFF'S ORIGINAL COMPLAINT

4907-2590-1250.1

13. The unpaid invoices show that 11 lawyers, paralegals, and other legal professionals spent more than 2,450 hours over the course of 8 months on Equinox's behalf for which Equinox has paid nothing. Three lawyers and a paralegal spent 20 days in trial in the Los Angeles Superior Court in the fall of 2025 for which Ogletree Deakins was paid nothing.

14. Equinox worked hand in hand with Ogletree Deakins and was fully aware of the services it was receiving and that these services came at a price. It is unclear, and discovery will reveal, when Equinox made the decision to continue accepting legal services with no intent to pay for them.

15. The total amount due and owing from Equinox to Ogletree Deakins for unpaid legal fees is at least $1,159,149.85 and expenses incurred on Equinox's behalf of at least $222,014.58, exclusive of prejudgment interest, court costs, attorneys' fees, and any other amounts recoverable by the parties' agreement or at law.

16. Despite demand, Equinox has failed and refused to pay the outstanding invoices, and said amounts remain past due and owing.

## FIRST CLAIM FOR BREACH

### (Breach of Contract)

17. Ogletree Deakins realleges and incorporates by reference each and every allegation set forth in this complaint as though fully set forth herein.

18. An enforceable agreement existed between Ogletree Deakins and Equinox whereby Ogletree Deakins agreed to provide legal services to Equinox in connection with the Hugyetz Matter, and Equinox agreed to pay for such services and expenses in accordance with the invoices rendered, with payment due within thirty (30) days of each invoice date.

19. Ogletree Deakins performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the agreement, or such performance was waived or excused.

20. Equinox breached the agreement by failing and refusing to pay for the legal services and expenses rendered by Ogletree Deakins as invoiced, despite demand for

PLAINTIFF'S ORIGINAL COMPLAINT

4907-2590-1250.1

payment.

21.     As a direct and proximate result of Equinox's breach, Ogletree Deakins has been damaged in an amount no less than $1,381,102.83, plus prejudgment interest, costs, and attorneys' fees to the extent recoverable.

## SECOND CLAIM FOR RELIEF

### (Common Counts)

22.     Ogletree Deakins realleges and incorporates by reference each and every allegation set forth in this complaint as though fully set forth herein.

23.     **Open Book Account.** Within the last four years, Equinox became indebted to Ogletree Deakins on an open book account for legal services rendered and expenses incurred at Equinox's request. There remains a balance due and owing of no less than $1,381,102.83. No part of said sum has been paid, and said sum is now due, owing, and unpaid despite Ogletree Deakins's demand for payment.

24.     **Account Stated.** Within the last four years, Ogletree Deakins and Equinox had financial transactions, and an account was stated in writing by and between them showing Equinox to be indebted to Ogletree Deakins in the sum of no less than $1,381,102.83. Equinox received the invoices constituting the account stated, failed to object to them within a reasonable time, and thereby assented to their correctness. No part of said sum has been paid, and said sum is now due, owing, and unpaid.

25.     **Services Rendered.** Within the last four years, at the special instance and request of Equinox, Ogletree Deakins rendered legal services to Equinox and incurred expenses on behalf of Equinox, for which Equinox promised to pay the reasonable value. The reasonable value of such services and expenses is no less than $1,381,102.83. No part of said sum has been paid, and said sum is now due, owing, and unpaid despite Ogletree Deakin's demand for payment.

26.     As a result of the foregoing, Ogletree Deakins has been damaged in the sum of no less than $1,381,102.83, plus prejudgment interest thereon.

PLAINTIFF'S ORIGINAL COMPLAINT
4907-2590-1250.1

## THIRD CLAIM FOR RELIEF

### (Quantum Meruit / Unjust Enrichment)

27.    Ogletree Deakins realleges and incorporates by reference each and every allegation set forth in this complaint as though fully set forth herein.

28.    In the alternative, and in the event no enforceable express agreement is found to exist, Ogletree Deakins provided valuable legal services and incurred expenses at Equinox's express request and for Equinox's direct benefit in connection with the Hugyetz Matter.

29.    Equinox accepted and received the benefit of the legal services and expenses provided by Ogletree Deakins with knowledge that compensation was expected.

30.    The reasonable value of the legal services and expenses provided by Ogletree Deakins to Equinox is no less than $1,381,102.83.

31.    It would be unjust and inequitable for Equinox to retain the benefit of Ogletree Deakins's legal services without paying for them. Equinox has been unjustly enriched to the detriment of Ogletree Deakins.

32.    As a result, Ogletree Deakins is entitled to recover from Equinox the reasonable value of the services rendered and expenses incurred in an amount of no less than $1,381,102.83, plus prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Ogletree Deakins prays for judgment against Equinox on all claims for relief as follows:

1.    For compensatory damages in an amount no less than $1,381,102.83;

2.    For prejudgment interest at the maximum rate permitted by law from the date each invoice became due;

3.    For post-judgment interest at the legal rate;

4.    For reasonable attorneys' fees and costs of suit incurred herein to the extent recoverable by the parties' agreement or at law;

5.    For costs of suit incurred herein; and

- 6 -

PLAINTIFF'S ORIGINAL COMPLAINT

4907-2590-1250.1

6.   For such other and further relief as the Court deems just and proper.


DATED: August 10, 2026

PARKER, MILLIKEN, CLARK, O'HARA &
SAMUELIAN, A Professional Corporation


By: _____
THOMAS E. SHUCK
Attorneys for Plaintiff
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

- 7 -
PLAINTIFF'S ORIGINAL COMPLAINT

4907-2590-1250.1